GEORGE A. HELLMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72730. Promulgated January 9, 1936.

*George A. Hellman*, pro se.
*Paul D. Page, Jr., Esq.*, for the respondent.

OPINION.

MELLOTT: Petitioner in this proceeding contests a deficiency in income tax determined by the respondent in the amount of $7,301.46 for the calendar year 1931. The sole issue presented for our determination is whether the gain derived from the surrender of two combined annuity and insurance policies is taxable as ordinary income or as a capital gain. The case was submitted upon the following stipulation of facts:

1. Petitioner is an individual, a citizen of the United States and an inhabitant and resident of the City of Chicago, State of Illinois.

2. Petitioner has always filed and during the taxable year 1931 did file his income tax return upon the cash receipts and disbursements basis

3. During the year 1928 petitioner took out two combined life insurance and annuity contracts, one on May 11, 1928, with the Penn Mutual Life Insurance Company for a consideration of $105,200 and the other on August 12, 1928, with the Equitable Life Assurance Society for a consideration of $105,000. Both policies were surrendered in December 1931. The petitioner received a total of $117,136 and $116,605.56 from the Penn Mutual Life Insurance Company and Equitable Life Assurance Society, respectively, including payments received in the intervening period from 1928 resulting in a profit of $11,936 from the former company and $11,605.56 from the latter or a total profit of $23,541.56.

4. Petitioner contends that the total profit of $23,541.56 was realized in the year 1931 when the contracts with the Penn Mutual Life Insurance Company and the Equitable Life Assurance Society were surrendered and that said profit should be taxed as a capital gain within the meaning of Section 101 (c) (1) of the Revenue Act of 1928.

Section 101 of the Revenue Act of 1928, insofar as it is here pertinent, provides as follows:

(a) *Tax in case of capital net gain.*—In the case of any taxpayer, other than a corporation, who for any taxable year derives a capital net gain (as hereinafter defined in this section), there shall, at the election of the taxpayer, be levied, collected, and paid, in lieu of all other taxes imposed by this title, a tax determined as follows: a partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner as if this section had not been enacted and the total·tax shall be this amount plus 12½ per centum of the capital net gain.

\* \* \* \* \* \* \*

(c) *Definitions.*—For the purposes of this title—

(1) "Capital gain" means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921.

We have heretofore decided that the payment of the amount specified in a bond, either at maturity or pursuant to an authorized call prior to maturity, is not a " sale or exchange " of such a bond, but is merely the payment of an obligation according to its fixed terms. *John H. Watson, Jr.,* 27 B. T. A. 463; *Arthur E. Braun, Trustee,* 29 B. T. A. 1161. In our opinion the surrender of the life insurance and annuity contracts in the instant case, does not differ in any material respect from the bond transactions in the cases above cited. As we said in *John H. Watson, Jr., supra,* " The words ' sale or exchange ' are ordinary words of well established meaning." They do not include the surrender of a life insurance or annuity contract wherein the insured receives a payment of an obligation according to the terms of the insurance policy. We must therefore hold that the gain realized by the petitioner upon the surrender of the policies here involved may not be treated as capital gain under the provisions of section 101 of the Revenue Act of 1928, but must be treated as ordinary income.

*Judgment will be entered for the respondent.*