FRANK J. COBBS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91493. Promulgated March 22, 1939.

*Albert B. Ridgway, Esq.*, for the petitioner.
*John H. Pigg, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $2,178.74 in petitioner's income tax for 1934. He treated as ordinary income and refused to recognize as capital gain the gain from the surrender of a combined life insurance and annuity contract. The facts are not in dispute and have been stipulated.

On August 27, 1926, the petitioner took out a combined life insurance and annuity contract for a consideration of $50,000. On January 26, 1934, he surrendered the policy for its surrender value of $50,000, of which amount $25,000 was paid to him in cash and $25,000 was, at his direction, applied to a new single premium annuity contract. While the combined life insurance and annuity contract was in effect he had received payments aggregating $16,190.78, and upon the surrender of the contract in 1934, he reported 40 percent, $6,476.31, in his tax return as capital gain under section 117 of the Revenue Act of 1934. The respondent, denying the classification of capital gain, increased the net income by $9,714.47, the excess over the $6,476.31 reported, stating:

> The amount received by you from the surrender of a combined annuity and life insurance contract is not considered a sale or exchange within the meaning of section 117 of the Revenue Act of 1934 and has, therefore, been eliminated from capital net gain and the full amount of the gain included as ordinary income in accordance with General Counsel Memorandum 18233, Internal Revenue Bulletin XVI, May 24, 1937, No. 21, page 5, which holds that Income Tax Ruling 2261, Cumulative Bulletin XI-2, year 1932, page 39, is applicable to the 1934 Act as well as to the 1932 Act.

Thus the essential issue is whether the voluntary surrender of the policy for its face amount is a sale or exchange. There would seem to be little room for debate if the words alone were to be applied in their ordinary meaning. For the realization of the gains inherent in a contract by reason of its performance is not a sale or exchange, either in common parlance or in the language of the law, *United States* v. *Fairbanks*, 95 Fed. (2d) 794; petition for rehearing and for certiorari granted Jan. 16, 1939; *Felin* v. *Kyle*, 102 Fed. (2d) 349. And so it was held in 1936, under the Revenue Act of 1928, as to the surrender of an exactly similar policy, *George A. Hellman*, 33 B. T. A. 901.

The petitioner argues, in attempting to escape that case, that it was built upon an analogy of the surrender of an insurance policy and the redemption of a bond; and that since, by subdivision (f) of section 117 of the Revenue Act of 1934 [1] the retirement of bonds was thereafter required to be considered as an exchange, this must carry with it the accepted analogue. We think, however, that this presses logic too far. It would require a hypothesis that Congress, while using fairly clear language to change the law as to a specified list of securities, had intended to include also contracts which for one reason or another had been regarded as somewhat

---

[1] (f) RETIREMENT OF BONDS, ETC.—For the purposes of this title, amounts received by the holder upon the retirement of bonds, debentures, notes, or certificates or other evidences of indebtedness issued by any corporation (including those issued by a government or political subdivision thereof), with interest coupons or in registered form, shall be considered as amounts received in exchange therefor.

similar. This could easily have been done, if not by express specification in the statute, at least by an omnibus term broad enough to include insurance or annuity contracts. But no term in the paragraph is susceptible of such an interpretation. The broadest term used is "evidence of indebtedness", which does not by itself denote such contracts, *Hiller* v. *Olmstead*, 54 Fed. (2d) 5, and in its context with the preceding word "other" is limited by the doctrine of *noscitur a sociis* to such things as bonds, debentures, notes, and certificates of indebtedness having interest coupons or in registered form. Indeed, the clear specification of these compels the inference that insurance and annuity contracts were deliberately excluded. We agree in this with the General Counsel in G. C. M. 18233, 1937–1 C. B. 147.

*Decision will be entered under Rule 50.*