JOSEPH A. GUTHRIE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100716.    Promulgated September 12, 1940.

*Joseph A. Guthrie, Esq.*, pro se.
*R. P. Hertzog, Esq.*, and *Gene W. Reardon, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $244.07 in income tax of petitioner for 1937. He held that the gain realized by petitioner in the distribution to him of a share of the proceeds of the sale by the executor of the residue of an estate, which share petitioner had acquired by purchase, was not a capital gain with a limited recognition, but was an ordinary gain the entire amount of which must be recognized.

The facts are stipulated and are found as stipulated. The proceeding was submitted under Rule 30.

By the will of Cyrena D. Parker, probated immediately after her death in 1933, the net proceeds of the residuary estate were distributable in five parts. The executor was to pay over to Geneva Babcock "one share consisting of one-fifth (1/5) interest in the said net proceeds of my estate." Before distribution, Geneva Babcock in November 1935 sold her "right, title and interest in and to the estate of Cyrena D. Parker, deceased," to W. D. Wolfe; and in January 1936 Wolfe sold to petitioner "all of the right, title and interest of every kind whatsoever, legal or equitable, in and to the estate of Cyrena D. Parker, deceased, the same being one (1) share consisting of a one-fifth (1/5) interest in the net proceeds of the residue of said estate as specified in said last Will and Testament of the said Cyrena D. Parker, deceased." The cost to petitioner was $7,500 plus a commission of $287.50. The residuary estate consisted of two parcels of real estate and a small amount of cash. The executor in May 1936 sold one parcel and distributed to petitioner $12,000 as his share of the proceeds. The other parcel was sold by the executor in March 1937 and petitioner in May 1937 received $4,955.22 as his share of the final distribution. After proper allocation of the cost between 1936 and 1937 (as to which there is no controversy) petitioner treated the gain of 1937 as capital gain. This conception respondent rejects.

Much of the argument as to the nature of what petitioner purchased from Wolfe may be laid to one side, since it does not reach the crucial question. It may be accepted that petitioner purchased a capital asset as that term is defined in section 117 (b) of the Revenue Act of 1936,[1] cf. *Blair* v. *Commissioner*, 300 U. S. 5, and that the gain realized in 1937 was upon a capital asset held for more than one year but not for more than two years, section 117 (a).[2] But the limitation upon the percentage of gain recognized is prescribed only in respect of gain recognized "upon the sale or exchange" of a capital asset. Unless there has been a sale or exchange, the gain is fully recognized, even though the gain is derived from an investment in a capital asset. *Hale* v. *Helvering*, 85 Fed. (2d) 819; *John H. Watson, Jr.*, 27 B. T. A. 463; *George A. Hellman*, 33 B. T. A. 901; *Cobbs* v. *Commissioner*, 111 Fed. (2d) 644; *Ralph Perkins*, 41 B. T. A. 1225; *Bingham* v. *Commissioner*, 105 Fed. (2d) 971; *Fairbanks* v. *United States*, 306 U. S. 436.

The cases just cited support the proposition that as to petitioner the gain was not derived from a sale or exchange of his asset. He sold or exchanged nothing. Whether what he acquired from Wolfe be called property, a right to receive, an interest, an expectancy, a claim or what you will, it was neither sold nor exchanged. Petitioner merely got what he paid for. For present purposes, it was not unlike the receipt of the proceeds of a bond or insurance policy at maturity or redemption. *Cobbs* v. *Commissioner*, supra; *Ralph Perkins*, supra; *George A. Hellman*, supra; *Fairbanks* v. *United States*, supra; *John H. Watson, Jr.*, supra; *Arthur E. Braun, Trustee*, 29 B. T. A. 1161. The sale of the real estate in the residuary estate was by the executor and can not be imputed to petitioner. *Anderson* v. *Wilson*, 289 U. S. 20.

The Commissioner correctly held that the percentage provision was not applicable to petitioner's gain and that the amount received by him in the distribution of 1937 was taxable as ordinary income. The deficiency is sustained.

*Decision will be entered for the respondent.*

---

[1] (b) DEFINITION OF CAPITAL ASSETS.—For the purposes of this title, "capital assets" means property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business.

[2] (a) GENERAL RULE.—In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income:

100 per centum if the capital asset has been held for not more than 1 year;

80 per centum if the capital asset has been held for more than 1 year but not for more than 2 years;