HERMAN M. RHODES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100553.   Promulgated February 28, 1941.

*F. E. Hagler, Esq.*, for the petitioner.
*J. R. Stivers, Esq.*, for the respondent.

783

OPINION.

ARNOLD: The petitioner contends that the declaration of the dividend by the corporation created a debt of the corporation in his favor; that the right to receive such dividend constituted personal property, which he had a legal right to sell and assign, *Matchette* v. *Helvering*, 81 Fed. (2d) 73; that his right to receive the declared' dividend was a capital asset within section 117 of the Revenue Act of 1936; and that, by reason of the sale to Patton of his right to receive the dividend and the payment of the dividend to Patton, it was not taxable as such to petitioner, who never received it.

The respondent contends that a transaction entered into with no other purpose than that of tax avoidance is not a legitimate business transaction and should not be recognized, *Gregory* v. *Helvering*, 293 U. S. 465, and that the dividend was taxable to petitioner, because he remained the owner of the stock upon which the dividend was declared. *Lucas* v. *Earl*, 281 U. S. 111; *Corliss* v. *Bowers*, 281 U. S. 376; *Burnet* v. *Leininger*, 285 U. S. 136; *Saenger* v. *Commissioner*, 69 Fed. (2d) 631; *H. Lewis Brown*, 40 B. T. A. 565; affd., 115 Fed. (2d) 337.

We agree with the petitioner that his motive in making the assignment and sale is immaterial and that it is not unlawful or unethical for a taxpayer to avoid by legal means some portion of his tax. *United States* v. *Isham*, 17 Wall. 496; *Marshall* v. *Commissioner*, 57 Fed. (2d) 633; certiorari denied, 287 U. S. 621; *Gregory* v. *Helvering, supra.* Nor do we question his right to assign or sell his right to receive the dividend or that such right constituted personal property. Nevertheless, we must approve the action of the respondent in treating the dividend of $12,000 as taxable to him as ordinary income. *Helvering* v. *Horst*, 311 U. S. 112, reversing 107 Fed. (2d) 906, which had reversed 39 B. T. A. 757. The reasoning of the Supreme

784

Court in that case is controlling herein. It follows that the exercise of his power to sell or assign his right to receive the declared dividend constituted a realization of income by petitioner taxable to him as ordinary income. See also *Fred W. Warner*, 5 B. T. A. 963; *Alfred Le Blanc*, 7 B. T. A. 256; *Fremont C. Peck et al., Executors*, 31 B. T. A. 87; affd., 77 Fed. (2d) 857; certiorari denied, 296 U. S. 625.

*Decision will be entered for the respondent.*