LEWIS N. COTLOW, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44827.   Filed August 9, 1954.

*Stanley B. Haber, Esq.*, for the petitioner.
*Charles N. Greenspan, Esq.*, for the respondent.

OPINION.

Van Fossan, *Judge:* The sole issue involves the proper treatment for tax purposes to be accorded the receipt of insurance renewal premiums in the taxable year by petitioner as the assignee for valuable consideration of various insurance agents. Respondent has determined and here maintains that such receipts represent ordinary income to petitioner under section 22 (a), Internal Revenue Code, to the extent they exceed the aggregate of the amounts paid to the assignors by petitioner in consideration of the assignments.

It is petitioner's position that he realized no taxable income from the receipts by him of commissions on assigned renewals; that if such receipts in excess of the original costs do, in fact, constitute taxable income they should be treated as long-term capital gains; and that, in such event, since he is on a cash receipts and disbursements basis, the proper method to be employed in determining taxable income is to offset the cash disbursements made by him during the taxable year to acquire further assignments of renewal commissions against the renewal commissions received by him in such year.

With regard to the proposition first advanced by petitioner, namely, that the receipt of assigned renewals does not constitute taxable income to him, petitioner argues that under the rationale of *Helvering* v. *Eubank*, 311 U. S. 122, the commissions in controversy are taxable to the individual assignors who were the earners thereof. He concludes, therefore, that this being true, no portion of such commissions constitutes taxable income to him. With such conclusion we disagree.

Whether or not petitioner's assignors are taxable upon the commissions earned by them and assigned to petitioner, as to which we express no opinion, is not the question. However, even if they be liable to tax despite the assignment, it does not necessarily follow that petitioner here is relieved from taxation on the amount received by him in excess of the amount paid to them for the assignments.

In the *Eubank* case, the Supreme Court, based upon the reasoning applied by it in *Helvering* v. *Horst*, 311 U. S. 112, handed down the same day, held that the earner (donor) of the income represented by insurance renewal commissions could not avoid taxation thereon by the anticipatory gift and assignment thereof to a trust where no pur-

pose appeared other than to confer upon such donee the power to collect the commissions. The tax liability of the assignee was not there involved.

The *Eubank* case, as indicated above, was concerned with the tax consequences following the gift to a trust of insurance renewal commissions. Specifically, the question was whether the donor was taxable on the income represented by such commissions. The situation presently under consideration is basically different. Here we are dealing with the consequence of an arm's-length purchase at fair value of property rights. The present assignors for full, adequate, and valuable consideration, parted with all right, title, and interest in their several pieces of property, i. e., the right from which the renewal commissions arose. The assignor sold to the assignee everything he had in an outright sale of valuable property. After the assignment the assignors who had sold their property, just as if they had sold a piece of income producing land, had no remaining title or interest in such property or in the income therefrom. They had realized on the satisfactions that flowed from ownership by the complete alienation for valuable consideration of their title to the property. Thereafter their satisfactions and enjoyment must be found in the cash received or the accretions thereto. There is nothing in the *Eubank* case which is controlling here. The Supreme Court in that case did not rewrite the law as to sales of property. We find our authority in the present case in such cases as *Blair* v. *Commissioner*, 300 U. S. 5, rather than in *Eubank*. Here the compelling motive of the assignor was the immediate realization of the fair value of the property by sale thereof. The new owners of the property had not only title to the income, they had title to the intangible property from which it flowed. We hold that the income from the insurance renewal commissions is taxable to the assignee, petitioner here.

Nor do we agree that the profits realized by petitioner are taxable as capital gains. After petitioner acquired the assignments for a consideration, the amount received by him thereafter over and above such cost, was not directly attributable to the sale or exchange of a capital asset. Petitioner has, in fact, never sold any of the renewal commissions purchased by him. We, therefore, hold that the income in question is taxable as ordinary income. Cf. *Joseph A. Guthrie*, 42 B. T. A. 696.

There remains petitioner's contention that the method used by respondent in determining the deficiency herein was arbitrary and disregarded the consistent accounting practice employed by him. During the year involved, petitioner received $45,500.70 as renewal commissions previously acquired by him by assignment. Within the same year, he disbursed $44,568.90 to purchase additional assignments of renewal commissions. Petitioner would offset the latter against the

former and use the difference of $931.80 in determining his taxable income from renewal commissions. Petitioner cites no authority for such proposition and we have been unable to find any. Moreover, such method would certainly not clearly reflect petitioner's income from assigned renewal commissions in 1948. Respondent is, therefore, sustained on this item.

Petitioner observes that the amount of the unrecovered cost of the policies which lapsed or terminated during the taxable year should be reflected in computing the amount of taxable income he received from the commissions in question. Such contention was raised in the pleadings; but from the record before us, we are unable to ascertain whether respondent concedes the point. In any case, we agree with petitioner that his gain should be reduced by such amount.

*Decision will be entered under Rule 50.*