**Lewis N. COTLOW, Petitioner,**
v.
**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 6, Docket 23399.

United States Court of Appeals
Second Circuit.

Argued Nov. 9, 1955.
Decided Dec. 12, 1955.

Abraham Kraditor, New York City, for petitioner.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Hilbert P. Zarky, Stanley P. Wagman, Attys., Washington, D. C., for Commissioner of Internal Revenue.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

Petitioner is a life insurance agent who has been engaged since 1927 in purchasing from other insurance agents their rights to renewal commissions on life insurance policies. In 1948 he filed his individual return on the cash receipts and disbursements basis. He reported no income on account of assigned renewal commissions that year although he received during the year the total sum of $45,500.70 from assigned commissions on 1,648 policies. Of this amount $23,-563.33 represented receipts over and above the aggregate original cost of the assignments to the petitioner, which cost had been recovered by him in the form of prior receipts. The Tax Court held, 22 T.C. 1019, that $22,694.50 (being the $23,563.33 less $868.83 representing unrecovered costs of policies lapsed during 1948) was taxable to the petitioner as ordinary income for 1948. Petitioner now seeks to upset this determination on this appeal. He raises three questions: (1) whether he realized any taxable income on the receipt by him of commissions on assigned renewals; (2) if so, whether the income received is taxable as ordinary income or long-term capital gain; and (3) whether he may deduct from such income the total cost of all assignments of renewal commissions purchased in 1948.

### I

Petitioner performs a form of brokerage service for life insurance agents when he converts their rights to future income into immediate hard cash. He not only performs a discounting function, but, in addition, he undertakes the risk that by lapse or termination of a policy renewal commissions will cease. We find it difficult, under these circumstances, to view the petitioner's earnings or profits arising from the performance of these services as other than taxable income. And petitioner relies on cases which have no application to this case. Lucas v. Earl, 1930, 281 U.S. 111, 50 S. Ct. 241, 74 L.Ed. 731; Helvering v. Horst, 1940, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75; and Helvering v. Eubank, 1940, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed.

81. The principle of those cases is that a taxpayer, despite an *intra-family gratuitous* assignment of income rights, remains taxable on the income which he earns by his personal services or which is derived from property which he owns. The rationale of the Horst case was that the receipt of income by the donee is an economic benefit or satisfaction to the donor, and therefore a realization of income by him. Where there is an arm's length assignment of income rights for a valuable consideration, it is clear that the assignor realizes only the amount of the consideration received, Rhodes v. Commissioner, 1941, 43 B.T.A. 780, affirmed 6 Cir., 1942, 131 F.2d 50, and the assignee is taxable for receipts in excess of this amount. See Blair v. Commissioner, 1937, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; G.C.M. 24849, 1946-1 Cum.Bull. 66, 67-68.

## II

■ The petitioner further contends that even if the receipts of assigned renewal commissions in excess of their original cost do in fact constitute taxable income, such taxable income should be treated as a long-term capital gain. He cites no authority for this contention. 26 U.S.C.A. (I.R.C.1939) § 117 requires that there be a "sale or exchange" of certain defined capital assets in order that income may receive capital gain treatment. The receipt of commissions is not a "sale or exchange". And petitioner has never sold any of the renewal commissions purchased by him. See Fairbanks v. United States, 1939, 306 U.S. 436, 59 S.Ct. 607, 83 L.Ed. 855; Commissioner v. Starr Bros., 2 Cir., 1953, 204 F.2d 673; General Artists Corp. v. Commissioner, 2 Cir., 1953, 205 F.2d 360, certiorari denied, 1953, 346 U.S. 866, 74 S.Ct. 105, 98 L.Ed. 376; Guthrie v. Commissioner, 1940, 42 B.T.A. 696.

## III

■ The taxpayer also contends that he should be allowed to deduct, against the profits realized in the current year, the cost of acquiring additional assign-ments of renewal commissions, which will start to yield payments only in future years. The cost of acquiring additional assignments of renewal commissions is a capital expenditure to be recovered by allocation against the income derived from the asset acquired; it is not, in its entirety, an "ordinary and necessary" business expense of the year of purchase. 26 U.S.C.A. (I.R.C.1939) §§ 23(a) (1), 23(*l*), 43; Treasury Regulations 111, § 29.41-3(2).

The decision of the Tax Court is affirmed.