RICHARD P. SCHULZE, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schulze v. Commissioner
Docket No. 1967-81.
United States Tax Court
T.C. Memo 1983-263; 1983 Tax Ct. Memo LEXIS 527; 46 T.C.M. (CCH) 143; T.C.M. (RIA) 83263; May 12, 1983. *527 Gary Altman, for the petitioner. Henry E. O'Neill, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $12,270.00 in petitioner's 1976 Federal income tax. After concessions, the issue is whether petitioner assigned an interest in a certain claim for damages, and if so, whether such assignment effectively shifted the burden of taxation on a portion of the damages subsequently recovered. FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioner, Richard P. Schulze, Jr., resided in Kamuela, Hawaii, when the petition was filed herein. In 1964 petitioner became a partner in a Honolulu law firm. He eventually assumed the role of managing partner and served in that capacity until 1971 when, for health and professional reasons, he began taking steps to withdraw from the central operations of the law firm. In 1971, petitioner and the partnership entered into an agreement (herein the Kamuela agreement) which allowed petitioner to establish and operate a branch office in Kamuela. The partnership was prohibited from terminating the Kamuela operation until after *528 December 31, 1973. After he commenced operation of the Kamuela office, a majority of the partners voted to dissolve the partnership, to form a new partnership without petitioner, and to close down the Kamuela office. Alleging breaches of the Kamuela agreement and the general partnership agreement, petitioner sued his former partners for damages. The defendants counterclaimed for damages based on allegations of mismanagement and fraud. The lawsuit was submitted to arbitration in 1974. On March 24, 1975, during the pendency of the arbitration proceeding, petitioner and his second wife, Toni, were divorced. Toni was a real estate agent and former reporter for a Honolulu newspaper. During their marriage, petitioner and Toni owned property both separately and jointly. Excluding petitioner's claim against his former partners, the aggregate value of Toni's separate property exceeded the aggregate value of petitioner's separate property. In connection with their impending divorce, they agreed to divide their assets equally, including petitioner's claim against his former partners. At that time the value of petitioner's claim was undeterminable. In a document dated February 14, 1975, they *529 agreed to hold all of their assets, including petitioner's claim against his former partners, for the joint benefit of both parties. [1] Furthermore, in a property settlement agreement executed on March 19, 1975, petitioner and Toni agreed that all property owned by them, including petitioner's claim against his former partners, "will be held by the person having title in trust pursuant to the terms of this Agreement." It was agreed, however, the property would not be conveyed to the trust until "some later time." Petitioner and Toni also executed a "partnership agreement" dated March 19, 1975. The name of the partnership [2] was "R & T Enterprises," and its stated purpose was to manage and operate all of the property owned by petitioner and Toni, including any proceeds recovered by petitioner from his former partners. Petitioner and Toni never conducted business under the name of the partnership, never maintained books and records on behalf of the partnership, never opened a partnership bank account, and never *530 formally transferred property to the partnership. On May 11, 1976, the arbitrator awarded petitioner $148,437 on the following bases: Basis of award
Amount
Petitioner's share of 1973
$36,901
partnership income as provided
under the Kamuela agreement.
Petitioner's 1973 expense
6,000
allowance under Kamuela agreement. [3]
6,000
Buy-out of petitioner under
general partnership agreement: (a) Petitioner's capital account;
24,538
(b) Petitioner's share of accounts
41,672
receivable;
(c) Petitioner's share of appreciation
429
in real property owned by partnership;
(d) Petitioner's share of partnership
8,700
goodwill.
Interest
34,475
Total:
$148,437
*531 As evidenced by a document executed by the parties on June 11, 1976, petitioner paid $41,625 of the proceeds to Toni in satisfaction of her "rights and claims in and to the proceeds of the arbitration." [4]
Based on the assumption that petitioner assigned his claim against his former partners to R & T Enterprises, R & T Enterprises reported ordinary income of $114,770, and long-term capital gain of $9,129, as a result of the arbitration award. [5] The partnership also claimed a deduction of $37,818 for legal fees incurred in connection with the lawsuit. Of these amounts, petitioner reported ordinary income of $35,328, and long-term capital gain of $9,129. [6] In his notice of deficiency, respondent disregarded the assignment to R & T Enterprises and determined that petitioner must report in his individual capacity ordinary income of $107,422 and long-term capital gain of $9,129. [7]
*532 OPINION The issue is whether petitioner validly assigned an interest in his claim against his former law partners, and if so, whether such assignment effectively shifted the burden of taxation on a portion of the damages recovered. For the following reasons, we conclude that petitioner assigned an interest in the lawsuit to Toni in her individual capacity and, therefore, he is not taxable on the portion of the damages attributable to that interest.
Whether a transaction constitutes an assignment is a question which must be analyzed under state law. In the absence of a statute or decision by the Hawaii Supreme Court, this Court must apply what it determines the law to be after giving proper consideration to rulings of lower Hawaii courts. Commissioner v. Estate of Bosch,387 U.S. 456 (1967).
The parties have not cited any Hawaii case involving facts similar to those in the instant case, nor has our research uncovered any such case. Generally, however, under common law a person *533 may assign any right of action arising out of a contract or any interest he might have in the proceeds of a claim. See El Rancho, Inc. v. First Nat. Bank of Nevada,406 F.2d 1205 (9th Cir. 1968), cert. denied 396 U.S. 875 (1969); Webster v. USLIFE Title Company,123 Ariz. 130, 598 P.2d 108 (1979); In re Behm's Estate,117 Utah 151, 213 P.2d 657 (1950); Staley v. McClurken,35 Cal.App. 2d 622, 96 P.2d 805 (1939). To establish such an assignment it is sufficient that the parties' actions shown an intention to assign and there is valuable consideration for the assignment. See Webster v. USLIFE Title Company,supra;Robert Wise Plumbing and H., Inc. v. Alpine Development Co.,72 Wash.2d 172, 432 P.2d 547 (1967). During their marriage, petitioner and Toni owned property both separately and jointly. In connection with their impending divorce, they agreed to divide their assets equally. At such time, however, the value of petitioner's claim against his former partners was undeterminable. Moreover, excluding petitioner's claim, the value of Toni's separate property *534 exceeded the value of petitioner's separate property. Consequently, the parties agreed to hold all of their assets, including petitioner's claim against his former partners, for their joint benefit regardless of who actually held title to the assets. Clearly, the parties' objective was to enter into an arrangement for the co-ownership of their assets which would continue until those assets could be split-up equally, In effect, Toni was to receive an interest in petitioner's separately owned property, including an interest in petitioner's lawsuit against his former partners, and petitioner was to receive an interest in Toni's separately owned property. Thus, in 1976 when petitioner was awarded damages, he paid $41,625 of the proceeds to Toni in satisfaction of her rights to those proceeds. Clearly then, petitioner intended to assign an interest in the proceeds, and there was valuable consideration for such assignment. Accordingly, we find petitioner made a valid assignment under state law of an interest in the proceeds to Toni, and that the payment of $41,625 of the proceeds to Toni was consistent with that interest. [8]
*535 Notwithstanding the existence of a valid assignment, respondent contends any such assignment constitutes an anticipatory assignment of income and, thus, the burden of taxation on the arbitration award falls entirely on petitioner. We disagree. In Jones v. Commissioner,306 F.2d 292 (5th Cir. 1962), revg. a Memorandum Opinion of this Court, the taxpayer assigned to a corporation in which he owned 67 percent of the stock his interest in a claim against the United States Government. The claim for additional compensation arose out of services the taxpayer performed as a subcontractor on a government construction project. Applying a facts and circumstances test, the Fifth Circuit Court of Appeals held the assignment did not constitute an anticipatory assignment of income and, thus, the taxpayer was not taxable on the amount ultimately recovered on the claim. After a thorough review of the assignment of income doctrine which originated in the landmark case of Lucas v. Earl,281 U.S. 111 (1930), the Fifth Circuit Court of Appeals based its conclusion in Jones upon the following factors: the claim was uncertain, doubtful, and contingent at the *536 time of the assignment; the assignment was an arm's-length transaction, not involving a gift or gratuity; the assignment was not made in the same taxable year in which the claim was paid; and the assignment arose out of the legitimate exercise of reasonable business judgment and for a business purpose. Significantly, these same factors are present in the instant case. When petitioner assigned Toni an interest in his claim against his former partners, recovery was clearly uncertain. The arbitration decision was not made until more than one year after the assignment. Prior to this decision, petitioner was subject to several counterclaims by the defendants which, if upheld, would have more than offset any recovery by petitioner. The outcome of a lawsuit is rarely, if ever, certain or free of doubt, and nothing in the record suggests that the outcome of petitioner's lawsuit was any more predictable. Moreover, unlike most other cases where assignment of income principles have been applied, the assignment herein did not involve a gift or a gratuity. Rather, the assignment was made solely to effectuate an equal division of property in connection with the parties' divorce. At the *537 time of the divorce, the value of petitioner's claim against his former partners was undeterminable. Excluding petitioner's claim, the value of Toni's separate property exceeded the value of petitioner's separate property. Instead of estimating the value of petitioner's claim and thereby risking an unequal division, petitioner assigned an interest in the proceeds to Toni. Thus, the assignment was for a legitimate non-tax purpose, that is, to carry out an equal division of their property. Furthermore, the parties' competing interests in dividing up their assets indicate the assignment was also the result of an arm's-length transaction. In summary, we are presuaded by the Fifth Circuit's analysis in Jones v. Commissioner,supra, and find that it is fully applicable to the facts before us. Moreover, where there is an arm's-length assignment of income rights for valuable consideration, this Court has recognized such assignment for tax purposes. [9] See Cotlow v. Commissioner,22 T.C. 1019 (1954), affd. 228 F.2d 186 (2d Cir. 1955). Accordingly, *538 we hold that the assignment herein was not an "anticipatory assignment of income;" thus, petitioner is not taxable on the portion of the damages previously assigned to Toni. [10]
*539 To reflect concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. With respect to petitioner's claim, the parties agreed to share only the proceeds remaining after petitioner paid off alimony obligations to his first wife, Esther.↩
2. The term "partnership" is used herein only for descriptive purposes and is in no way intended to imply that petitioner and Toni established a valid partnership for Federal income tax purposes. See text, infra.↩
3. It was agreed under the Kamuela agreement that the partnership would pay Toni $6,000 per year to serve as a legal assistant at the Kamuela office. The arbitrator determined that this provision "was intended in the nature of an expense allowance for [petitioner's] benefit" and, therefore, awarded petitioner $6,000 on such basis. Petitioner was also awarded interest of $1,348 on such amount.↩
4. After paying $37,576 in legal fees, $26,638 to his first wife, see n. 1, supra,↩ and $41,625 to Toni, petitioner was left with $42,598 out of the total $148,437 award.
5. R & T Enterprises determined that the portion of the award based on petitioner's share of the goodwill of the law firm ($8,700) and the appreciation in the value of the real property owned by the law firm ($429) represented items of long-term capital gain, that the portion of the award based on petitioner's capital account ($24,538) represented a non-taxable return of basis, and that the remainder of the award ($114,770) was based on items of ordinary income. ↩
6. The ordinary income of $35,328 represents the items of ordinary income reported by R & T Enterprises ($114,770), less the deduction taken by R & T Enterprises for legal fees ($37,818), and less the amount paid to Toni ($41,625). Petitioner does not explain why the long-term capital gain ($9,129) was allocated entirely to him. ↩
7. Respondent allocated to Toni that portion of the award which was attributable to petitioner's "expense allowance" under the Kamuela agreement. See n. 3, supra. Accordingly, respondent determined that petitioner must report ordinary income of only $107,422 rather than the full $114,770 reported by R & T Enterprises. Respondent also determined that petitioner was entitled to a deduction of $36,073 for legal expenses incurred in connection with the lawsuit.↩
8. Petitioner contends the claim against his former partners was assigned to R & T Enterprises and, therefore, he is taxable only on his distributive share of R & T Enterprises' income. Respondent asserts that no such assignment could have occurred because R & T Enterprises was not a partnership for Federal income tax purposes. On this narrow point we agree with respondent. The record clearly indicates that petitioner and Toni viewed the partnership agreement as simply another method to establish an arrangement for the co-ownership of their assets until those assets could be split-up equally. It was not their intention to join together in the present conduct of a business. They never conducted business under the name of the partnership, never conveyed any of their assets to the partnership, never maintained books and records on behalf of the partnership, and never opened a partnership bank account. Furthermore, they never endorsed the proceeds of the arbitration award to the partnership even though such proceeds had allegedly been assigned to the partnership. Accordingly, we conclude that R & T Enterprises was not a valid partnership for Federal income tax purposes; it constituted at most a continuation of the co-ownership arrangement previously agreed upon by the parties. See Commissioner v. Culbertson,337 U.S. 733 (1949); Commissioner v. Tower,327 U.S. 280 (1946). Additionally, neither of the parties herein argues that petitioner assigned an interest in his lawsuit to a trust. Significantly, the record shows no trust was established in accordance with the terms of the property settlement agreement.↩
9. Respondent argues in the alternative that petitioner's assignment of an interest in the lawsuit was itself a taxable event. However, since the assignment occurred in 1975, it is unnecessary for us to consider such argument since petitioner's 1976 taxable year is the only year before us. Furthermore, we refuse to consider the "duty of consistency" argument respondent raises on brief for the first time. "Duty of consistency" is an affirmative defense which must be pleaded and proved by respondent. Southern Pacific Transportation Co. v. Commissioner,75 T.C. 497, 838 (1980). Respondent has failed to plead that petitioner owes a duty of consistency herein. This Court simply will not consider issues not raised in the pleadings. Rollert Residuary Trust v. Commissioner,80 T.C. 619 (1983); Kutsunai v. Commissioner,T.C. Memo. 1983-182↩. 10. Based on our conclusions herein, the amount and character of petitioner's taxable gain must be determined. This determination is a proper subject for the parties under Rule 155, Tax Court Rules of Practice and Procedure.Under the tax law, it is well-settled that an award for damages takes on the character of the underlying claims. Woodward v. Commissioner,397 U.S. 572 (1970); Roemer v. Commissioner,79 T.C. 398, 405 (1982), on appeal (9th Cir., Nov. 15, 1982); Sanders v. Commissioner,21 T.C. 1012 (1954), affd. 225 F.2d 629↩ (10th Cir. 1955). With respect to the damages awarded on petitioner's claim, $119,048 of the award was based on items of ordinary income (petitioner's share of the law firm's 1973 income, the law firm's accounts receivable, his expense allowance, and interest); $9,129 of the award was based on items of long-term capital gain (petitioner's share of the law firm's goodwill and the appreciation in the value of real property owned by the law firm); and $24,538 of the award was based on a non-taxable return of petitioner's capital investment in the law firm. The computation of petitioner's taxable income must reflect the above allocations and our ultimate finding that $41,625 of the total award was assigned to Toni.