A. Robert LEAS, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 2899.

United States District Court
S. D. West Virginia,
Charleston Division.

Nov. 5, 1965.

John B. Fisher, Charleston, W. Va., for plaintiff.

Milton J. Ferguson, U. S. Atty., Charleston, W. Va., for defendant.

FIELD, Chief Judge.

In this action plaintiff seeks to recover the amount of $250.00 allegedly overpaid as part of a penalty assessed for failure to pay over Withholding and Federal Insurance Contribution Act taxes for the following periods:

(1) first quarter of 1955;

(2) last three quarters of 1956;

(3) first quarter of 1957.

The defendant has filed its motion to dismiss the action on the ground that the plaintiff's claims for refund required to be filed as a prerequisite to a suit for the recovery of federal taxes or penalties are insufficient to furnish a basis for jurisdiction.

The statute and regulation involved in passing on this motion are as follows:

Internal Revenue Code of 1954:

"§ 7422. Civil actions for refund

"(a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

(26 U.S.C. 1958 ed., § 7422)

Treasury Regulations on Procedure and Administration (1954 Code):

§ 301.6402

"(b) Grounds set forth in claim. (1) No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period. The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit."

The purpose, scope and validity of the statute and regulation were stated in United States v. Felt & Tarrant Mfg. Co., (1931) 283 U.S. 269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025:

"One object of such requirements is to advise the appropriate officials of the demands or claims intended to be asserted, so as to insure an orderly administration of the revenue, * * * a purpose not ac-

complished with respect to the present demand by the bare declaration in respondent's claim that it was filed 'to protect all possible legal rights of the taxpayer.' The claim for refund, which § 1318 [Section 7422(a) of the Internal Revenue Code of 1954] makes prerequisite to suit, obviously relates to the claim which may be asserted by the suit. Hence, quite apart from the provisions of the Regulation, the statute is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts upon which it may be founded."

The principle there stated was further explicated in Snead v. Elmore, (5th Cir. 1932) 59 F.2d 312, 314:

" * * * This does not mean that the claim for refund must have contained all the evidence or argument that is offered in the suit, but it must have indicated not only the amount claimed but the substantial grounds on which illegality is asserted and the general facts supporting the grounds, so that they may be fully investigated."

■■ In my opinion, the "shotgun" language [1] employed on behalf of the plaintiff in section 9 of each of the claims for refund here involved fails to

1. With the exception of the amount of the assessment, the content of section 9 in each of the refund claims was identical and reads as follows:

"9. (a) During the indicated period taxpayer did not become liable for any United States excise taxes whatsoever.

"(b) With respect to the said period, taxpayer made a single payment on 21 Jul 1961, in the amount of Fifty Dollars ($50.00), on account of the claimed tax. The claimed tax and assessment are illegal and erroneous and void.

"(c) Taxpayer says that the aforesaid assessment of * * * was and is wholly arbitrary and without justification or excuse; that taxpayer did not become liable for any such tax for the said period; that he is entitled to a

refund of the aforesaid payment and to a refund of such interest as may accrue thereon to him as provided by law.

"(d) In addition to the above items, but not in limitation of them or by them, the taxpayer claims that his gross income, his net income, his receipts, his deductions, his depreciation, his bad debts, his losses, his exclusions, his exemptions, his net taxable income and his net taxes, of any and all kinds, income, estate, gift and excise taxes, have not been correctly determined. Taxpayer reserves the right to file a more complete statement and to amend this claim.

"(e) For all the above reasons, taxpayer contends that this claim should be allowed."

meet the requirements of the statute and regulation. In his brief counsel for taxpayer impliedly concedes this point, but seems to contend that the Commissioner has in some manner dispensed with or waived these formal requirements by examination or investigation of the claims. Nothing in the record supports this contention. The depositions of two revenue agents were filed, but it appears that their investigations and examinations were incident to the initial assessments, and were made some time prior to the filing of the claims for refund. In Angelus Milling Co. v. Commissioner of Internal Revenue (1945) 325 U.S. 293, p. 297, 65 S.Ct. 1162, p. 1164, 89 L.Ed. 1619, Mr. Justice Frankfurter made the following observations on such a controversy:

"Treasury Regulations are calculated to avoid dilatory, careless, and wasteful fiscal administration by barring incomplete or confusing claims. Tucker v. Alexander, supra, [275 U.S. 228], at 231 [48 S.Ct. 45, at 46, 72 L.Ed. 253]; Commissioner [of Internal Revenue] v. Lane-Wells Co., supra, [321 U.S. 219] at pages 223–224] 64 S.Ct. 511, at page 513, 88 L.Ed. 684]. But Congress has given the Treasury this rule-making power for self-protection and not for self-imprisonment. If the Commissioner chooses not to stand on his own formal or detailed requirements, it would be making an empty abstraction, and not a practical safeguard, of a regulation to allow the Commissioner to invoke technical objections after he has investigated the merits of a claim and taken action upon it. Even tax administration does not as a matter of principle preclude considerations of fairness.

"Since, however, the tight net which the Treasury Regulations fashion is for the protection of the revenue, courts should not unduly help disobedient refund claimants to slip through it. The showing should be unmistakable that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim. It is not enough that in some roundabout way the facts supporting the claim may have reached him. The Commissioner's attention should have been focused on the merits of the particular dispute. The evidence should be clear that the Commissioner understood the specific claim that was made even though there was a departure from form in its submission. We do not think that the petitioner has made out such a case here."

I find nothing in the record to indicate that the Commissioner waived or dispensed with the statutory or regulatory requirements in the present case. The motion to dismiss will be granted and counsel may prepare an appropriate order incorporating this opinion by reference therein.