Leon **STOLLER** and Audrey Stoller, Plaintiffs-Appellants,

v.

**UNITED STATES of America,** Defendant-Appellee.

No. 30737.

United States Court of Appeals, Fifth Circuit.

May 19, 1971.

As Amended on Rehearing June 23, 1971.

Sidney A. Soltz, Miami, Fla., for plaintiffs-appellants.

Johnnie M. Walters, Asst. Atty. Gen., Dept. of Justice, Tax Div., Washington, D. C., Robert W. Rust, U. S. Atty., Miami, Fla., Meyer Rothwacks, James H. Bozarth, Leonard J. Henzke, Jr., Attys., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee; Clemens Hagglund, Asst. U. S. Atty., of counsel.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and CLARK, Circuit Judges.

CLARK, Circuit Judge:

The specificity required of a taxpayer in presenting his claim or defense to the Commissioner in his application for refund is the subject of this tax appeal. Because taxpayers have not met the procedural requirements of Int.Rev.Code of 1954, § 7422(a) and Treas.Reg. § 301.-6402-2(b) (1) (1955), we hold they may not challenge the Commissioner's deficiency determination.

The Commissioner assessed an income tax deficiency against the taxpayers, Leon and Audrey Stoller, for 1964 and 1965, which included a tax on 9,500 dollars of unreported income, a fraud penalty, and interest to date of assessment. The assessed tax was paid and a claim for a refund was filed with and denied by the Commissioner; whereupon, the taxpayers filed this suit in district court. Taxpayers alleged that Leon Stoller, the only taxpayer whose business transactions are involved, had an agreement with Melvin Grossman, an architect, to perform various services in connection with the "Biscayne 21" building project for an agreed consideration of 60,000 dollars, if and when Mr. Grossman received any compensation for his services to the project. Subsequent to the alleged agreement, Samuel Zorovich advised taxpayer that unless an assignment to him of 32,500 dollars out of the 60,000 dollars was forthcoming, he would prevent *any* sum from reaching the taxpayer's hands. Taxpayer alleges he did make this assignment to Zorovich and consequently the remaining sum of 27,500 dollars was eventually paid to him. Taxpayers now claim that this assignment was for a valuable considera-

tion and thus comes within the rule of Cotlow v. Commissioner of Internal Revenue, 228 F.2d 186 (2d Cir. 1955): "Where there is an arm's length assignment of income rights for a valuable consideration, it is clear that the assignor realizes only the [true net] amount of the consideration received * * *."

Section 7422(a) provides that no suit shall be maintained in any court for the recovery of any internal revenue tax until a claim for refund has been filed with the Secretary of the Treasury. Section 301.6402–2(b) (1) of the Regulations provides, in part, that the claim must set forth in detail each ground upon which a refund is claimed and facts sufficient to apprise the commissioner of the exact basis thereof. It is undisputed that taxpayers did not state in their claim for refund that they were relying on the valuable consideration rule. In fact all the taxpayers stated in their claim for refund was that "[T]he Commissioner of Internal Revenue erroneously determined that the taxpayers' profits from business totaled $16,935.40 in lieu of $1,859.40, which was the taxpayer's correct profit from business." Even taxpayers implicitly admit this was insufficient to apprise the Commissioner of the nature of his claim because they claim that the Commissioner was already aware of the assignment, as evidenced by certain statements in a Revenue Agent's report. Assuming that this knowledge can be incorporated into the claim for refund, we still hold that the requirements of § 301.6402–2(b) (1) have not been satisfied. The Supreme Court in United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025 (1931), stated that "the statute is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts upon which it may be founded."

Here the taxpayers not only failed to specify the nature of their claim (i. e., the valuable consideration rule) but failed to allege facts to support it. Certainly the taxpayers knew the facts upon which they now rely before they filed the claim for refund. The Commissioner could not have known these facts, without an investigation, and there was nothing to put him on notice that a further investigation was needed. "[T]he Commissioner can take the claim at its face value and examine only those points to which his attention is necessarily directed." Alabama By-Products v. Patterson, 258 F.2d 892, 900 (5th Cir. 1958).

The Commissioner should not be left to his own devices in order to discover the precise nature of a taxpayer's claim and thus be placed in a position of having to hazard a guess. It would have been very simple for the taxpayers here to state in their claim for refund that the assignment had been effected for the valuable consideration aforementioned. If they had, perhaps this case would have never seen its way into this court. The Commissioner does not possess the time or resources to perform extensive investigations into the precise reasons and facts supporting every taxpayer's claim for refund. The need for investigation can be easily obviated by a taxpayer who takes the proper care in preparing his claim for refund. The purposes behind the Regulations are well stated in United States v. Felt & Tarrant Mfg. Co., supra; Sid W. Richardson Foundation v. United States, 430 F.2d 710 (5th Cir. 1970); Carmack v. Scofield, 201 F.2d 360 (5th Cir. 1953); and Union Pacific Railroad Co. v. United States, 389 F.2d 437, 182 Ct.Cl. 103 (1968) and need not be further reiterated here.

Having concluded that the issue was precluded at the Revenue Service stage, we do not reach the further procedural contentions that the taxpayers were barred from presenting their claim to the court by the operation of Fed.R.Civ. P. 16 and Fed.R.Civ.P. 56, since they neither proffered their valuable consideration defense in the pre-trial stipulations nor tendered it in the affidavit opposing the Commissioner's motion for partial summary judgment; nor do we

intimate any ruling on the merits of the refund claimed.

 The district court assessed costs against the taxpayers. The taxpayers contend this was an abuse of discretion since they were the prevailing parties. The United States also claims to have prevailed. There is some merit in both positions. Although the taxpayers won some minor skirmishes in the lower court, the United States appears to have won the war. In such a situation we cannot say that the district court abused its discretion in assessing costs against the taxpayers. See C. Wright, Law of Federal Courts 438 (2d ed. 1970) and cases, statutes, and rules cited therein.

The judgment of the district court is Affirmed.