Richard MARTINEZ, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 76–1746.

United States Court of Appeals,
Ninth Circuit.

April 26, 1979.

Paul L. Gabbert, Los Angeles, (argued),
for plaintiff-appellant.

Leonard J. Henzke, Jr. (argued), Washington, D. C., for defendant-appellee.

Before CHAMBERS, ELY and WALLACE, Circuit Judges.

PER CURIAM:

In May, 1973, appellant submitted a claim for refund of taxes using the form supplied for the purpose (IRS Form 843). On it he described the tax as a "confiscation" of $17,500 during September, 1970. On the portion of the form allocated for a statement of his reasons for believing the claim to be meritorious, he stated:

"I was arrested, held 72 hr., and then released. When I was arrested, I possessed $12,000.00 dollars in cash and a 1970 Buick, an avocado green Riviera which costed $5,000.00 dollars. This possession have never been returned, no court action was ever take. All in the month of September, 1970."

On March 20, 1974, the district director responded by means of a form letter (IRS Form L–92, Rev. 2–69), which identifies the tax as marijuana transfer tax[1] paid on September 2, 1970; it also indicates the amount assessed ($120,000), claimed ($17,-500), and paid ($16,400). The letter then states:

"We have reviewed your claim and our files do not indicate a basis on which your claim can be allowed. It is therefore proposed to disallow your claim in full."

In May, 1975, the appellant, now with the assistance of counsel, filed an action in district court for refund of the tax, and alleged that a timely claim had been filed and

sion on a different ground." *M.O.S. Corp. v. John I. Haas Co.*, 375 F.2d 614, 617 (9th Cir. 1967) (footnote omitted).

1. Section 4721 of Title 26 (now repealed, but then in effect) imposed a tax of $100 per ounce on the transfer of marijuana under certain circumstances.

disallowed, referring to the March 20, 1974, letter.

The government's motion to dismiss the action was granted. The district court pointed to plaintiff's failure to comply with 26 U.S.C. § 7422(a) and Treas. Reg. 301.-6402–2(b)(1):

Section 7422(a) states:

"(a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

Treas. Reg. 301.6402–2(b)(1) states:

"No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period. The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof . . ."

■ Compliance with 26 U.S.C. § 7422(a) and Treas. Reg. 301.6402–2(b)(1), by specifying in detail all grounds and supporting facts upon which a claim for refund is based, is a jurisdictional prerequisite to a suit for refund of taxes, *United States v. Felt & Tarrant Co.*, 283 U.S. 269, 272, 51 S.Ct. 376, 75 L.Ed.2d 1025 (1931); *Omnibus Financial Corp. v. United States*, 566 F.2d 1097, 1101 (9th Cir. 1977), and unless waived by the government, the taxpayer cannot proceed with his suit for refund. *Angelus*

*Milling Co. v. Commissioner of Internal Revenue*, 325 U.S. 293, 297–298, 65 S.Ct. 1162, 89 L.Ed. 1619 (1945); *Tucker v. Alexander*, 275 U.S. 228, 231, 48 S.Ct. 45, 72 L.Ed. 253 (1927); *Bear Valley Mutual Water Co. v. Riddell*, 493 F.2d 948, 952 (9th Cir. 1974).

Appellant contends that his claim was sufficiently explicit and, even if it were not, that the District Director waived noncompliance with the Rule by considering the claim on its merits. The government, on the other hand, argues that there was no waiver and that the lack of specificity in the claim rendered it fatally deficient, depriving the district court of jurisdiction.[2]

■ Noncompliance with the Rules may be waived, *Tucker v. Alexander*, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253 (1927). In establishing whether there was a waiver, "The showing should be unmistakable that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim." *Angelus Milling Co. v. Commissioner of Internal Revenue, supra*, 325 U.S. at 297, 65 S.Ct. at 1165.

■ We find it unnecessary to address the government's arguments that the claim was not sufficiently specific, or that lack of specificity (if any) would entitle the district court to find that it lacked jurisdiction. Instead, we conclude that the District Director effectively waived the requirement of specificity by reviewing the appellant's files and considering his claim on the merits. His letter states that the taxpayer's files were reviewed. The "proposed" disallowance was solidly based on that review. Cf. *Anderson v. United States*, 447 F.2d 41 (7th Cir. 1971), where the form letter made no reference to a review of the files that merely stated that the claim was disallowed.

We hold merely that there was a waiver of any lack of specificity. The record on

---

**2.** The government cites cases in which, after administrative denial of a claim, the taxpayers sought to argue grounds or theories that had not been sufficiently defined in the claim, e. g.

*Stoller v. United States*, 444 F.2d 1391 (5th Cir. 1971); *Old Dominion Box Co. v. United States*, 477 F.2d 340 (4th Cir. 1973).

appeal does not permit us to judge the total validity of appellant's contention that his claim was disallowed; the letter to which appellant refers merely states that the district director "proposed" to do so. Moreover, the district director's letter, to which appellant refers, offered him several courses of action if he did not accept the "proposed" disallowance. It is not clear from this record whether appellant accepted the offer and, if he did not, whether it would have any bearing on his claim of having exhausted his administrative remedies.

We therefore remand to the district court. The threshold issue on remand will be this problem on the "proposed" disallowance by the district director as it might affect the taxpayer's obligation to exhaust his administrative remedies before he instituted his action in district court.

Reversed and remanded for further proceedings.