David P. FEARIS, III and Audrey A. Fearis, Plaintiffs,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant.

Civ. A. No. 3–82–0760–H.

United States District Court, N. D. Texas, Dallas Division.

Sept. 7, 1982.

David P. and Audrey A. Fearis pro se.

Johnny D. Mixon, Atty., Tax Div., U. S. Dept. of Justice, Dallas, Tex., for defendant.

## ORDER

SANDERS, District Judge.

This matter is before the Court on Defendant's Motion to Dismiss, filed July 20, 1982, and Plaintiffs' response thereto, filed August 10, 1982. The Court has reviewed the matter and is of the opinion Defendant's motion should be GRANTED.

Defendant has moved to dismiss this action, without prejudice, for lack of jurisdiction; Defendant claims the Court lacks jurisdiction because Plaintiffs have failed to

file a proper claim for refund as required by Section 7422 of the Internal Revenue Code of 1954. Section 7422(a) of the Code provides as follows:

(a) *No Suit Prior to Filing Claim for Refund.* No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of the law in that regard, and the regulations of the Secretary established in pursuance thereof.* (emphasis added)

The requisite "claim for refund" is defined with more particularity in the Treasury Regulations at § 301.6402–2(b)(1):

(b) *Grounds set forth in claim.* (1) No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefore except upon one or more of the grounds set forth in a claim filed before the expiration of such period. *The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.... A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.* (emphasis added).

*See e.g., Carmack v. Scofield*, 201 F.2d 360, 362 (5th Cir. 1953) (Claims not raised in the original claim for refund may not be raised at the time of trial.); *Alabama By-Products Corp. v. Patterson*, 258 F.2d 892 (5th Cir. 1958), *cert. denied*, 358 U.S. 930, 79 S.Ct. 318, 3 L.Ed.2d 303 (1959) (The Commissioner is entitled to take the claim at face value and examine only those points to which his attention is drawn.); *Stoller v. United States*, 444 F.2d 1391 (4th Cir. 1971), (Claim for refund must give the Commissioner notice of the need for an investigation.); *Old Dominion Box Co. v. United States*, 477 F.2d 340 (4th Cir. 1973); *Floyd v. United States*, 75–2 U.S.T.C. ¶ 9839 (N.D.Tex. Oct. 23, 1975).

The purpose of the rule is explained in *Stoller, supra:*

The Commissioner should not be left to his own devices in order to discover the precise nature of a taxpayer's claim and thus be placed in a position of having to hazard a guess.... The Commissioner does not possess the time or resources to perform extensive investigations into the precise reasons and facts supporting every taxpayer's claim for refund.

*Id.* at 1393. A carefully drawn claim for refund will permit the Commissioner to correct claimed errors, and if disagreement persists, to limit the litigation to the issues which have been reexamined and which he is prepared to defend. *See Carmack, supra,* at 360. In undertaking to respond to the claim for refund the Commissioner is obliged to investigate only those claims for which the taxpayer has set forth both the grounds for his claim and the facts supporting his claim. *Id.; accord U. S. v. Andrews,* 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398 (1938) (A claim may be rejected by the Commissioner on the grounds it is too general.)

█ The claim for refund in this case is extremely vague. Plaintiffs filed a Form 1040X Amended U. S. Individual Income Tax Return on October 12, 1981; in that return under adjustments they altered the "originally reported or adjusted" amount, changing it from $9,833.32 to 0. Plaintiffs' explanation for this adjustment was simply as follows:

(2) Increase in income following audit. The Commissioner erred in increasing income by $9,833.32.

There is no attempt to articulate the Commissioner's error beyond this statement. The Court is of the opinion this claim for refund fails to give the Commissioner the requisite information needed to undertake an investigation; the claim is so vague the Commissioner would be hard pressed to even begin to ascertain the areas of dispute. The Court is of the further opinion this

claim for refund fails to meet the requirements of Treasury Regulation § 301.6402–2(b)(1) and Section 7422(a) of the Code; accordingly, this action must be dismissed for lack of jurisdiction absent mitigating factors.

■ Plaintiffs put forth two grounds in support of their claim that the Court has jurisdiction:

(1) Treasury Regulation § 301.6402–3(a)(5) sets forth a separate standard for refund claims for overpayment of individual income tax filed on Form 1040X ("Amended U. S. Individual Income Tax Return") which preempts application of § 301.6402–2(b)(1) in this case.

(2) The Commissioner waived his right to object to the lack of specificity in Plaintiffs' refund claim.

Treasury Regulation § 301.6402–3(a)(5) provides as follows:

A properly executed individual, fiduciary, or corporation original income tax return or an amended return (on 1040X or 1120X if applicable) constitute a claim for refund or credit within the meaning of section 6402 and section 6511 for the amount of the overpayment disclosed by such return (or amended return).... A return or amended return shall constitute a claim for refund or credit if it contains a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer or shall be applied as a credit....

The Court is of the opinion this language does not preempt or preclude application of § 301.6402–2(b)(1) in cases in which the alleged "overpayment" was made in the form of a deficiency payment after the initial income tax return had been filed, audited and a deficiency assessment rendered. It is true § 301.6402–3 *et seq.* set forth special rules applicable to claims for refund of income taxes but the special rules do not preempt the specificity rule set forth at § 301.6402–2(b)(1). Prior to enactment of these special regulations all claims for refund had to be made on Form 843, *see* § 301.6402–2(c). Treasury Regulation

§ 301.6402–3 was passed to simplify this refund procedure when the tax paid, *i.e.* withheld, exceeded the individual's tax liability as computed on Form 1040, 1040A or 1040X; rather than having to file a separate claim for refund the taxpayer could use the tax return as the refund claim if certain minimum requirements were met. *See* § 301.6402–3(a)(1) & (2); *see also* § 301.6402–4 (sets forth the situations under which the return would normally be used as a refund claim.).

The provisions cited by Plaintiffs merely outline the requirements a taxpayer must meet in order to have a tax return, which is not in and of itself a claim for refund, treated as a refund claim; simply stated, the amount of the overpayment must be clearly disclosed. In the normal course of events this claim will generally meet the specifications of § 301.6402–2(b)(1). The taxpayer in preparing his income tax return engages in numerous detailed computations in arriving at his tax liability; the 1040, 1040A and 1040X forms outline these computations precisely. Once having determined his tax liability the taxpayer is able by means of a simple mathematical calculation to determine any overpayment of taxes as of the date of the return. Refunds to the taxpayer may be made on the basis of this determination of tax liability as of the date of the return. *See* § 301.6402–4.

The situation is different where the taxpayer has filed his tax return setting forth his computation of tax liability and the IRS has audited that return and determined the taxpayer owes additional taxes. That is the situation here; rather than using form 1040X to amend their initial return and correct their own determination of tax liability, Plaintiffs have attempted to use form 1040X as a means of rebutting the IRS's deficiency assessment. In filing his form 1040X the taxpayer put as the "correct amount" under Section (2) "Adjustments to Income", 0 (zero dollars) reducing the amount by $9,833.32, the amount of the adjustment to income imposed by the IRS pursuant to their audit. This is not a situation in which the "overpayment", here

$3,274.00, is the result of tax payments made by the taxpayer prior to filing his return which exceeded the amount of his tax liability as originally computed. *See* § 301.6402–4. The "overpayment" here is an IRS deficiency assessment paid after the return was filed. The Court is of the opinion that in this type of situation, when the taxpayer is contesting an IRS audit and deficiency assessment, the requirements of § 301.6402–2(b) must be clearly complied with. Accordingly, the Court is of the opinion the language of § 301.6402–3 *et seq.,* neither preempts or precludes the application of § 301.6402–2(b)(1) in this case.

On the question of waiver, the rule has been clearly stated by the Ninth Circuit:

Compliance with the Rules may be waived, *Tucker v. Alexander,* 275 U.S. 228 [48 S.Ct. 45, 72 L.Ed. 253] (1927). In establishing whether there was a waiver, "The showing should be unmistakable that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim." *Angelus Milling Co. v. Commissioner of Internal Revenue,* 325 U.S. 293, 297 [65 S.Ct. 1162, 1165, 89 L.Ed. 1619] (1945).

*Martinez v. United States,* 595 F.2d 1147, 1148 (9th Cir. 1979); *accord Kopunck v. Director of IRS,* 81–1 U.S.T.C. ¶ 9339 (S.D. N.Y.1981); *U. S. v. Andrews,* 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398 (1938) (Commissioner can waive requirement of specificity and undertake an investigation; at trial claimant is limited to those claims necessarily covered in the course of the investigation.).

In *Martinez* the court held that "the District Director effectively waived the requirement of specificity by reviewing the appellant's files and considering his claim on the merits." *Id.* at 1148. Waiver was proved with the disallowance letter; the disallowance letter had clearly stated that claimant's files had been reviewed and his claim rejected on its merits. *Id.* The Ninth Circuit clearly distinguished the *Martinez* case from the case of *Anderson v. U. S.,* 447 F.2d 41 (7th Cir. 1971) in which the Seventh Circuit refused to find any waiver.

The Court in *Anderson* relying on *Angelus Milling Co., supra,* as did *Martinez, supra,* held that absent a clear showing the Commissioner has in fact dispensed with formal requirements and examined the claim on the merits, the jurisdictional requirement of specificity is not deemed waived. *Anderson, supra* at 47, n. 17. The difference between the two cases is readily apparent: In *Martinez* the IRS had given substantive reasons for its disallowance in the form denial letter, while in *Anderson* all the IRS had done was fill in the disallowance letter, giving no reasons whatsoever for its denial of the claim for refund. In the second case the facts do not preclude the inference the claim was rejected on the grounds it was too general, *see U. S. v. Andrews, supra.*

The Court is of the opinion *Anderson* is controlling in the case currently before the Court. Plaintiffs have made no allegations that the IRS specifically considered the merits of their refund claim nor have they submitted any evidence in support of such an allegation. In addition, there is no evidence before the Court that the Commissioner waived the jurisdictional prerequisite of specificity; the disallowance letter states nothing other than the fact of disallowance; there is no indication the merits of the refund have been investigated or considered in any fashion whatsoever. Plaintiffs take the position the IRS must specifically object to a refund claim if disallowance is based on the lack of specificity and absent such a specific objection any future objections on this ground are waived. The case law does not support this position; accordingly, the Court is of the opinion Plaintiffs have failed to make the requisite showing of waiver and Defendant's motion to dismiss for lack of jurisdiction should be, and it is hereby, GRANTED, without prejudice to Plaintiffs' right to file additional administrative claims for refund with the IRS.

SO ORDERED.