Gary **BELLINGER**, et al., Plaintiffs,

v.

Glenn **CAGLE**, District Director,
Internal Revenue Service, et al.,
Defendants.

Civ. A. No. CA 3–87–1377–G.

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 23, 1987.

---

Robert C. Cox, Dallas, Tex., for plaintiffs.

Cary L. Jennings, Tax Div., Dept. of Justice, Dallas, Tex., for defendants.

## MEMORANDUM ORDER

FISH, District Judge.

### Factual Background

Plaintiffs bring this action, styled a Petition for Injunction and Determination of Income Tax, to enjoin defendants from continuing to levy against plaintiffs' property to satisfy a tax assessment for federal withholding taxes allegedly due from 1982 to 1984. Plaintiffs also seek the return of their property, including monies, already seized by defendants.

In their motion to dismiss, defendants contend that the Anti–Injunction Act prevents the court from granting the injunctive relief sought and that plaintiffs have failed to satisfy the jurisdictional prerequisites for filing suit in this court. For the reasons stated below, the court is of the opinion that the defendants' arguments are meritorious. Accordingly, the motion to dismiss is granted.

### Analysis

#### 1. The Anti–Injunction Act

 The Anti–Injunction Act, 26 U.S. C. § 7421(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." The purpose of the act is to "permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

The plaintiffs' complaint clearly seeks to have this court enjoin the defendants from collecting taxes alleged to be due. In it, the plaintiffs pray for a preliminary injunction ordering defendants to cease their tax collection efforts. This is the type of relief that is expressly prohibited by the Anti–Injunction Act.

There are two exceptions to the Anti–Injunction Act that would allow the court to grant the type of injunctive relief plaintiffs request, but neither is applicable in this case. The first exception is found within the statute, but is inapplicable to the type of taxes allegedly owed by plaintiff. The second, a judicial exception established in *Enochs v. Williams Packing & Navigation Co.,* above, 370 U.S. at 7, 82 S.Ct. at 1129, is equally inapplicable because plaintiff has an adequate remedy at law, viz., a tax refund suit.

The *Enochs* exception applies if two requirements are met. First, it must be clear that under no circumstances could the government ultimately prevail and second, there must be a showing that plaintiff will suffer irreparable injury because any legal remedy is inadequate. Here, the plaintiffs have not demonstrated that in no circumstance will the government ultimately prevail, nor have they established that they will suffer irreparable injury if the injunction is not issued. In addition, the plaintiffs have an adequate remedy at law in the form of a tax refund suit.

#### 2. Tax Refund Suit

The doctrine of sovereign immunity bars suit against the United States unless the United States has expressly consented to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980). The United States has consented to be sued for taxes improperly assessed or collected, *see* 28 U.S.C. § 1346(a)(1), but only if the plaintiff complies with the jurisdictional requirements set forth in 26 U.S.C. § 7422. Section 7422(a) provides in relevant part:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have

been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) has been supplemented by § 301.6402–2(b)(1) (1955) of the Treasury Regulations on Procedure and Administration, which provides in relevant part that:

The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.... A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

*See also Stoller v. United States,* 444 F.2d 1391 (5th Cir.1971).

The defendants in this case argue that plaintiffs have failed to duly file their claim for a refund prior to instituting action in this court. Specifically, defendants argue that plaintiffs refund claim is ambiguous, conclusory, and incomplete.

In *Stoller v. United States,* above, 444 F.2d at 1391, the court held that a refund claim in which the taxpayers alleged that the IRS "erroneously determined" the taxpayer's yearly profit was insufficient to satisy the jurisdictional requirements of 26 U.S.C. § 7422(a). The court concluded that the taxpayers failed to state the nature of their claim or facts in support of it, reasoning that:

The Commissioner should not be left to his own devices in order to discover the precise nature of a taxpayer's claim and thus be placed in a position ... to hazard a guess.... The Commissioner does not possess the time or resources to perform extensive investigations into the precise reasons and facts supporting every taxpayer's claim for refund. The need for investigation can be easily obviated by a taxpayer who takes the proper care in preparing his claim for refund.

*Id.* at 1393. *See also Franks v. United States,* 56 AFTR 2d 85–6446 (W.D.La.1985)

[available on WESTLAW, 1985 WL 5186] (plaintiff's failure to assert both factual and legal grounds in a refund claim bars recovery); *Byrnes v. United States,* 57 AFTR 2d 86–479 (S.D.Cal.1986) [available on WESTLAW, 1982 WL 1577] (plaintiff's claim for a refund, which failed to state facts in support of the claim, not duly filed as required by 26 U.S.C. § 7422).

 In the present case, the court concludes that the refund claim filed by plaintiffs on April 25, 1986 (attached to complaint as Exhibit A) does not satisfy the requirements of 26 U.S.C. § 7422. There the plaintiffs set forth only that they are not responsible for the taxes assessed, and that the taxes were assessed erroneously. The claim is bereft both of factual and legal grounds that would support any entitlement to a refund. Accordingly, this court cannot entertain jurisdiction over plaintiffs' suit for a refund.

For the reasons set forth above, defendants' motion to dismiss is GRANTED.

SO ORDERED.