**BECKWITH REALTY, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 3:88–0498.**

United States District Court,
S.D. West Virginia
at Huntington.

April 17, 1989.

John E. Jenkins, Jr., Huntington, W.Va., for plaintiff.

Kurt E. Entsminger, Huntington, W.Va., and David C. Hickman, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

STAKER, District Judge.

The plaintiff has brought suit pursuant to 26 U.S.C.A. § 7422(a) (West Supp.1988) to recover alleged overpayments of income taxes for the years 1980 and 1981 which resulted from deficiencies being assessed against the plaintiff by the Internal Revenue Service for those years. This court has jurisdiction under 28 U.S.C.A. § 1346(a)(1) (West Supp.1988). The defendant has moved to dismiss the complaint for lack of subject matter jurisdiction, Fed. R.Civ.P. 12(b)(1), because the plaintiff did not comply with the statutes and applicable regulations in filing its claims for a refund, which is a prerequisite to bringing a suit such as this one. It is the defendant's position that a valid claim for refund, as required by 26 U.S.C.A. § 7422(a), was never made by the plaintiff because in its claims for refund the plaintiff did not "set forth in detail each ground upon which a ... refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402–2(b)(1) (1988). All that the plaintiff said in its claims for refund was that "[t]he decrease in tax is attributable to the taxpayer not agreeing with an RAR Assessment of accumulated earnings tax under Section 531 of the Internal Revenue Code." Exhibit G to Plaintiff's Memorandum in Opposition to the Motion to Dismiss. Defendant contends that this does not meet the requirements of 26 C.F.R. § 301.6402–2(b)(1) and that the claims cannot be considered as a claim for refund. *Id.* Therefore there have never been claims for refund duly filed, 26 U.S.C.A. § 7422(a), and the prerequisite for maintaining this action has not been complied with.

The plaintiff maintains that it has in fact filed valid claims for refund because it filed the claims on Form 1120X as required by 26 C.F.R. § 301.6402–3(a)(5) (1988), and that that is all that is necessary under that regulation to make a claim for refund. Furthermore, the ground and supporting facts upon which the claims for refund were based was known to the Internal Revenue Service through its audit which led to the deficiency assessment. Consequently, the failure to state them on the claims for refund would not bar this lawsuit. *Carmichael v. United States,* 86–2 U.S.T.C. 9708, 1986 WL 407 (E.D. Tenn.1986) (available on Westlaw database).

Taxpayer suits for refunds are governed, in part, by the principles of sovereign immunity. The United States may be sued only where Congress has expressly provided its statutory consent. *See United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Sherwood,* 312 U.S. 584, 586–88, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941). In suits for tax refunds, the United States has consented to be sued, but only when the taxpayer follows the conditions set forth in I.R.C. § 7422(a). That section provides that "[n]o suit [for refund] ... shall be maintained in any court ... until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in

pursuance thereof." Treas.Reg. § 301.6402–2(b)(1) provides, in pertinent part, as follows:

> (b) *Grounds set forth in claim.* (1) No refund or credit will be allowed ... except upon one or more of the grounds set forth in a claim [properly] filed.... The claim must set forth in detail each ground upon which a credit or refund is claimed and the facts sufficient to apprise the Commissioner of the exact basis thereof....

*Mallette Bros. Construction Co. v. United States,* 695 F.2d 145, 155 (5th Cir.1983), *cert. denied,* 464 U.S. 935, 104 S.Ct. 341, 78 L.Ed.2d 309 (1983). "[T]he statute is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts upon which it may be founded." *United States v. Felt & Tarrant Manufacturing Co.,* 283 U.S. 269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025 (1931).

As to plaintiff's argument that 26 C.F.R. § 301.6402–3(a)(5) does not require it to do anything more than use the required form in order to make an effective claim for refund, this argument was fully dealt with and rejected in *Fearis v. Commissioner of Internal Revenue,* 548 F.Supp. 408 (N.D. Tex.1982). We concur in that court's reasoning and adopt the same herein and also reject the argument. Even if plaintiff did fully comply with § 301.6402–3(a)(5) that does not relieve it of also having to comply with § 301.6402–2(b)(1). We find that the statements set forth in the claims for refund submitted by plaintiff did not meet the requirements of the latter regulation. *E.g., Leas v. United States,* 248 F.Supp. 1014 (S.D.W.Va.1965); *Robertson v. United States,* 59 A.F.T.R.2d (P–H) ¶ 87–388 (D.Ore.1987); *Byrnes v. United States,* 57 A.F.T.R.2d (P–H) ¶ 86–362 (S.D.Cal.1982).

Nor do we believe that the *Carmichael* case relied on by the plaintiff to excuse it from having to set forth in detail the grounds and facts to support its claims for refund is applicable here. In *Carmichael,* the taxpayers had taken their claim through several layers of Internal Revenue Service appeals before they filed their claim for refund. Here plaintiff forsook all administrative appeals, Exhibit G to Plaintiff's Memorandum. We think the case *sub judice* is much more akin to *Stoller v. United States,* 444 F.2d 1391 (5th Cir.1971), wherein the court held that even if knowledge of IRS employees concerning the facts surrounding a claim for refund could be imputed to the Commissioner, that still did not excuse a taxpayer from complying with the requirements of § 301.6402–2(b)(1). *Id.* at 1393.

Because the plaintiff did not comply with 26 C.F.R. § 301.6402–2(b)(1), it has never filed an effective claim for refund. Without an effective, or "duly filed", claim for refund we do not have jurisdiction to hear a suit under 26 U.S.C.A. § 7422(a).

For the reasons set forth in this memorandum opinion, it is ORDERED that:

The defendant's motion to dismiss the complaint for lack of subject matter jurisdiction be, and the same hereby is, SUSTAINED and GRANTED:

This action be, and the same hereby is, DISMISSED.

The clerk of the court is directed to retire this action from the court's docket.