**BECKWITH REALTY, INC.,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 89–2392.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 31, 1989.

Decided Feb. 26, 1990.

Robert C. Rosselot (John E. Jenkins, Jr., Henry M. Kayes, Susan E. Morton–Smith,

Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, W. Va., on brief), for plaintiff-appellant.

Robert William Metzler (Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, David English Carmack, Washington, D.C., Tax Div., U.S. Dept. of Justice, and Michael W. Carey, U.S. Atty., on brief), for defendant-appellee.

Before PHILLIPS, Circuit Judge, BUTZNER, Senior Circuit Judge, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.

HIRAM H. WARD, Senior District Judge:

Beckwith Realty, Inc., appeals from an order of the United States District Court for the Southern District of West Virginia filed April 17, 1989, dismissing its complaint which sought a refund of federal income taxes for the taxable years 1980 and 1981. The district court concluded that Beckwith failed to file an effective claim for refund which deprived the court of jurisdiction under 26 U.S.C. § 7422(a). We affirm the judgment of the district court.

## I.

Beckwith Realty, Inc., hereinafter "taxpayer," is a West Virginia corporation whose stock is owned entirely by John Beckwith and whose principal activity involves renting commercial property to another corporation owned by Mr. Beckwith. At the end of the taxable years 1980 and 1981, taxpayer had unappropriated retained earnings of $1,055,142 and $1,146,244, respectively. Additionally, taxpayer had no accounts payable and had failed to pay dividends for at least ten years.

Sections 531 and 533 of the Internal Revenue Code impose an accumulated earnings tax on corporations which are formed for the purpose of avoiding income tax for their shareholders by permitting earnings to accumulate "beyond the reasonable needs of the business." The Commissioner, after auditing taxpayer's 1980 and 1981 federal income tax returns, proposed accumulated earnings tax deficiencies based upon taxpayer's failure to provide evidence that its earnings had not been accumulated beyond the reasonable needs of the business. Taxpayer received a copy of the revenue agent's report (RAR) enumerating the reasons for the adjustment to its liability and subsequently filed a written protest:

> The revenue agent's report provides for the imposition of the accumulated earnings tax because of alleged accumulation of earnings in excess of the reasonable needs of the business. The taxpayer has expansion plans which justify the accumulation; however, because of the competitive environment in which he operates, the sole shareholder is unwilling to document the plan.

Taxpayer's protests were unsuccessful, and the IRS issued a notice of deficiency for the taxable years 1980 and 1981 in the amounts of $27,062 and $25,053, respectively.

Following payment of the amounts assessed as deficiencies, taxpayer filed a Form 1120X, Amended U.S. Corporation Return, with the IRS for each of the years 1980 and 1981 seeking to recover the payments made as a result of the audit. In Part II of each form, which instructs the taxpayer to give the reason for the change in income, deductions, or credits, taxpayer provided the same explanation:

> The decrease in tax is attributable to the taxpayer not agreeing with an RAR assessment of accumulated earnings tax under Section 531 of the Internal Revenue Code.
> THE TAXPAYER RESPECTFULLY REQUESTS THAT THIS REFUND CLAIM BE ALLOWED, HOWEVER IF THE CLAIM IS REJECTED, THE TAXPAYER REQUESTS THAT THIS ACTION BE TAKEN IMMEDIATELY, AS THE TAXPAYER DOES NOT WISH TO PURSUE AN APPEAL THROUGH THE INTERNAL REVENUE SERVICE.

After the IRS disallowed taxpayer's claim for refund, taxpayer instituted this action in the United States District Court for the Southern District of West Virginia seeking to recover the taxes paid on its

accumulated earnings. The government moved to dismiss taxpayer's complaint for lack of subject matter jurisdiction, alleging that taxpayer had failed to file a valid claim for refund under § 7422(a). Taxpayer argued that under 26 C.F.R. § 301.6402–3(a)(5) the filing of Form 1120X satisfied the claim for refund requirement, that the forms it filed sufficiently stated the grounds for refund, and that other communications in conjunction with Forms 1120X constituted valid "informal" claims for refund.

The district court dismissed taxpayer's complaint for lack of subject matter jurisdiction. The court rejected taxpayer's contention that § 301.6402–3(a)(5) requires only that taxpayer use the required form in order to make an effective claim for refund. The court further held that taxpayer must also comply with § 301.6402–2(b)(1), which requires a refund applicant to state in detail each ground upon which a refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The court concluded that taxpayer's statements set forth in its claims for refund did not meet the requirements of § 301.6402–2(b)(1). The court also rejected taxpayer's "informal claim" argument, holding that the Commissioner's knowledge of the facts surrounding the claims did not excuse noncompliance with § 301.6402–2(b)(1).

This appeal followed.

## II.

Section 7422(a) of the Internal Revenue Code provides:

(a) *No Suit Prior to Filing Claim for Refund.* No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of the law in that regard, and the regu-*

*lations of the Secretary established in pursuance thereof.*

(Emphasis added.) Section 7422(a) requires the filing of a timely claim for refund before a district court can obtain jurisdiction over a tax refund action so that the Internal Revenue Service will have the opportunity to consider and dispose of a taxpayer's claim without the expense and time involved in litigating the suit. *Mallette Bros. Const. Co. v. United States,* 695 F.2d 145 (5th Cir.1983). Accordingly, the claim for refund must contain sufficient information to allow the Commissioner to address the merits of the dispute. Consistent with this objective, the Secretary of the Treasury enacted § 301.6402–2(b)(1), which requires a taxpayer to state the specific grounds upon which a refund is claimed and the factual basis pertinent thereto:

(b) *Grounds set forth in claim.* (1) No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period. *The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.... A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.*

(Emphasis added.)

The Fifth Circuit Court of Appeals explained the purpose of the regulation in *Stoller v. United States,* 444 F.2d 1391 (5th Cir.1971):

The Commissioner shall not be left to his own devices in order to discover the precise nature of a taxpayer's claim and thus be placed in a position of having to hazard a guess.... The Commissioner does not possess the time or resources to perform extensive investigations into the precise reasons and facts supporting every taxpayer's claim for refund. The need for investigation can be easily obviated by a taxpayer who takes the proper care in preparing his claim for refund.

*Id.* at 1393. A carefully drawn claim for refund allows the Commissioner to correct

errors and, if disagreement persists, to limit the litigation to the issues which have been reexamined and which he is prepared to defend. *Fearis v. Commissioner of Internal Revenue,* 548 F.Supp. 408, 409 (N.D. Tex.1982), citing *Carmack v. Scofield,* 201 F.2d 360, 362 (5th Cir.1953). The Supreme Court has stated that "the statute is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts upon which it may be founded." *United States v. Felt & Tarrant Mfg. Co.,* 283 U.S. 269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025, 1027 (1931).

■ Relying on a separate treasury regulation, § 301.6402–3(a)(5), taxpayer initially argued that the district court had jurisdiction of its claim because merely filing a Form 1120X constituted an effective claim for refund within the meaning of § 7422(a) and § 301.6402–2(b)(1) of the Code. Taxpayer maintained that § 301.6402–3(a)(5) provides a separate standard for refund claims which preempts application of the specificity requirement in § 301.6402–2(b)(1). Section 301.6402–3(a)(5) provides:

> A properly executed individual, fiduciary, or corporation original income tax return or an amended return (on 1040X or 1120X if applicable) constitutes a claim for refund or credit within the meaning of section 6402 and section 6511 for the amount of the overpayment disclosed by such return (or amended return).... A return or amended return shall constitute a claim for refund or credit if it contains a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer or shall be applied as a credit....

This argument, that a taxpayer is required to do nothing more than file the required form in order to make an effective claim for refund, was rejected in *Fearis v. Commissioner of Internal Revenue,* 548 F.Supp. 408 (N.D.Tex.1982), and by the district court below. We affirm the district court's conclusion that the taxpayer's full compliance with § 301.6402–3(a)(5) did not relieve it of also having to comply with the specificity rule set forth in § 301.6402–2(b)(1).

■ We agree with the district court that taxpayer's statements in its Forms 1120X did not meet the specificity requirement of § 301.6402–2(b)(1). Taxpayer's statement that it disagreed with the audit assessment failed to allege a specific error made by the Commissioner and thus did not satisfy the requirement of stating in detail the grounds upon which the refund was claimed. Taxpayer's mere expression of disagreement with the audit assessment did not contain sufficient information to allow the Commissioner to address the merits of the dispute. Because taxpayer did not comply with § 301.6402–2(b)(1), it never filed an effective claim for refund. Without an effective claim for refund, the district court did not have jurisdiction to hear the suit under 26 U.S.C. § 7422(a). Accordingly, the district court's decision to dismiss the suit for lack of jurisdiction must be affirmed.

### III.

■ As an alternative ground for reversing the district court, taxpayer argued that even if the district court correctly determined that its formal claims failed to satisfy the specificity requirement of § 301.6402–2(b)(1), the Commissioner should be deemed to have waived any deficiency pursuant to the informal claim doctrine. The informal claim doctrine, which allows the Commissioner to waive the requirements of the treasury regulations where there remains the opportunity for substantive review of the claim notwithstanding a departure from proper form in its submission, has long been held valid. *See United States v. Kales,* 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941). The Supreme Court stated that there is no waiver of the formal requirements, however, unless

> [t]he showing ... be unmistakable that the Commissioner has in fact seen fit to dispense with his formal requirements and examine the merits of the claim. It is not enough that in some roundabout way the facts supporting the claim may have reached him. The Commissioner's attention should have been focused on

the merits of the particular dispute. The evidence should be clear that the Commissioner understood the specific claim that was made even though there was a departure from form in its submission. *Angelus Milling Co. v. Commissioner*, 325 U.S. 293, 297–98, 65 S.Ct. 1162, 1164–65, 89 L.Ed. 1619, 1623 (1945).

We conclude that the communications between taxpayer and the Internal Revenue Service failed to constitute a valid informal claim for refund. The documents upon which taxpayer based its informal claim did not contain all the facts necessary for a consideration of the merits of the dispute by the Commissioner. Taxpayer relied upon the revenue agent's report, the written protest, correspondence with the appeals officer, the notice of deficiency, copies of the checks with which taxpayer paid the deficiencies, and the Forms 1120X to argue that the Commissioner had sufficient knowledge of the merits of the dispute to constitute an informal claim for refund. The sole issue raised in the correspondence and documentation related to the accumulated earnings tax assessed against taxpayer. Under Section 533 of the Internal Revenue Code, an accumulation of earnings and profits beyond the reasonable needs of a business is determined to be for the purpose of avoiding payment of income taxes unless the taxpayer can provide evidence to the contrary.

Taxpayer argued that its plans for expanding its business justified the accumulation of earnings; however, taxpayer refused to reveal details of the expansion because of an alleged need to protect business secrets. Taxpayer's refusal to provide this information to the Commissioner prevented a complete and thorough administrative review of the audit assessment which distinguishes the instant case from *Carmichael v. United States*, 86–2 U.S. T.C. 9708 (E.D.Tenn.1986). In *Carmichael* the district court found that the examining agent's report "stated the facts in specific detail" which enabled the Commissioner to fully examine the merits of the dispute. In the case *sub judice*, however, neither the RAR nor the other documents pertaining to the remainder of the administrative process contained the facts supporting taxpayer's position. Taxpayer repeatedly refused to provide the expansion plans which allegedly justified the corporation's excessive accumulation of earnings "because of the competitive environment in which he operate[d]." (App. p. 72.) It is well settled that the informal claim doctrine may not be relied upon by those who refuse to provide information during the administrative process that is essential for resolution of the dispute. Accordingly, the district court properly held that the Commissioner did not waive taxpayer's failure to satisfy the specificity requirement of § 301.6402–2(b)(1), thereby rendering the informal claim doctrine inapplicable to the instant case.

AFFIRMED.