996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FIRST FEDERAL SAVINGS BANK OF WASHINGTON, a corporation,
Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 92-35501.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 23, 1993.
 
 Before WRIGHT, FARRIS and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 First Federal Savings Bank ("First Federal") sued the United States in 1989 seeking refunds of its federal income tax for several years. The government appeals the district court's grant of summary judgment in favor of the taxpayer.[1] We affirm.
 
 1. Subject Matter Jurisdiction
 
 3
 The United States first argues that the district court did not have subject matter jurisdiction over First Federal's refund claim for 1985.[2] Normally, in order for subject matter jurisdiction to exist, the taxpayer must have filed a formal claim for refund with the Internal Revenue Service ("IRS"); in other words, the taxpayer must have attempted an administrative remedy through the IRS before going to federal court. Internal Revenue Code § 7422(a). The federal courts have recognized, however, that where the formal requirements of a refund claim do not exist, an "informal claim" may satisfy the jurisdictional requirements of § 7422(a). See Angelus Milling Co. v. Commissioner, 325 U.S. 293 (1945); United States v. Kales, 314 U.S. 186 (1941); Martinez v. United States, 595 F.2d 1147 (9th Cir.1979).
 
 
 4
 The district court made the legal conclusion that the circumstances which gave rise to this litigation supported the existence of an "informal claim" for the contested year. We agree, finding that First Federal's actions, including the filing of numerous protective claims regarding certain deductions which could be carried forward as late as 1985 and the initiation of federal litigation over that deduction, amounted to an informal claim for the 1985 tax year.
 
 2. Res Judicata
 
 5
 The government next claims that First Federal's refund claims for 1980 and 1985 are barred by res judicata. "Res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir.1992). The government argues that, prior to initiating this litigation, the taxpayers filed suits in the United States Claims Court regarding their taxes in these years, and, therefore, the doctrine of claim preclusion bars the refund claims.
 
 
 6
 The district court initially accepted the government's res judicata argument, finding that First Federal's current claims were precluded by the 1988 litigation in Claims Court. Upon First Federal's motion for reconsideration, however, the district court reversed itself. It reasoned that the government's failure to raise as an affirmative defense the res judicata claim in its answer to First Federal, presumptively constituted a waiver under Federal Rule of Civil Procedure 8(c).[3]
 
 
 7
 The court then went on, as this court has instructed it to do, to consider the government's res judicata claim as a motion to amend under Federal Rule of Civil Procedure 15(a), although the government never made a formal motion to amend its answer to include this defense. See Harbeson v. Parke Davis, Inc., 746 F.2d 517, 520 (9th Cir.1984). We review for abuse of discretion the district court's denial of leave to amend the pleadings. Acri v. International Ass'n of Machinists and Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir.), cert. denied, 479 U.S. 816 (1986). We affirm the district court.
 
 
 8
 Although leave to amend is liberally granted under the Federal Rules of Civil Procedure, we consider several factors as grounds for denial:
 
 
 9
 undue delay, bad faith in seeking amendment, or undue prejudice to the party opposing amendment are grounds for denying leave to amend. We have also noted that late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.
 
 
 10
 Acri at 1398 (citations omitted) (emphasis added); see also EEOC v. Boeing Co., 843 F.2d 1213, 1222 (9th Cir.1988). In the case at bar, the district court made inquiries into all these factors and concluded that denial of the amendment was appropriate.
 
 
 11
 Specifically, the district court found (1) that the government's three year delay in raising the res judicata claim was undue; (2) that there was at least some evidence of bad faith on the government's part due to its failure to raise the res judicata argument against the other taxpayer in this litigation, Frontier, and its failure to raise the res judicata argument against the same taxpayers in other litigation which was pending before the district court at the same time; and (3) that prejudice to the taxpayer would have resulted, as evidence concerning the 1988 Claims Court litigation indicated "that all parties (or their representatives) fully intended that this issue be preserved for consideration in some future action." We find that the district court did not abuse its discretion in denying the government leave to amend its pleadings to assert the res judicata defense.
 
 3. Discount Amortization
 
 12
 In the alternative to its two previously dismissed arguments, the government contends that the district court erred in calculating the refund amount it awarded to First Federal. In its response to First Federal's motion for summary judgment, the government argued that First Federal's refund total should be reduced to reflect amortization discount income. The district court declined to reach this issue because "nothing has been submitted by the defendant in support of its position...."
 
 
 13
 We agree; the government did not meet its burden of calling into question First Federal's assertion of the amount of refund it was owed. The government merely stated, in its Memorandum Opposing Plaintiff's Motion for Summary Judgment, that the refund award should be reduced by amortization, without ever introducing supporting evidence such as affidavits, tax returns showing discount income, or any other materials.[4]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court entered judgment in the amount of $1,159,824 plus interest to First Federal for the tax years 1980 and 1985
 
 
 [2]
 The government does not challenge the district court's subject matter jurisdiction over First Federal's 1980 claim
 
 
 [3]
 "In pleading to a preceding pleading, a party shall set forth affirmatively ... res judicata ... and any other matter constituting an avoidance or affirmative defense." F.R.Civ.Proc. 8(c)
 
 
 [4]
 In both its January and April 1992 judgments in this litigation, the district court expressly commented on the government's general failure to introduce supporting evidence:
 Yet nowhere does the defendant appear to directly contest the court's prior finding that "the defendant, beyond its pleadings, has submitted nothing factually to rebut the contentions made (and, to some extent, supported) by either plaintiff." Further, there is no evidence in the record that any party has ever formally sought additional time to complete discovery, sought to compel discovery, etc."